UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE
INSURANCE COMPANY,

      Plaintiff,

v.

AVONI CHANEY, *et al.*,

      Defendants.

Case No. 26-cv-10593
Hon. Matthew F. Leitman

_____/

**ORDER (1) GRANTING IN PART PLAINTIFF'S MOTION FOR
ALTERNATE SERVICE (ECF No. 11) AND
(2) EXTENDING SUMMONS**

On February 20, 2026, Plaintiff Metropolitan Life Insurance Company filed this federal interpleader action against Defendants Avoni Chaney, Sakino Murry, and Vincent Tucker. (*See* Compl., ECF No. 1; Am. Compl., ECF No. 5.) Defendants Murry and Tucker have appeared in this action and filed Answers to the Complaint. (*See* Answers, ECF Nos. 6, 9.)  However, Metropolitan Life's attempts to serve Defendant Chaney have been unsuccessful.   Accordingly, May 19, 2026, Metropolitan Life filed a motion in which it asks the Court to (1) issue a new summons for Chaney and (2) allow it to serve Chaney by alternate service. (*See* Mot., ECF No. 11.)  In that motion, Metropolitan Life asks the Court for permission to serve Chaney "by first class mail, tacking, and email." (*Id.*, PageID.294.)  For the

1

reasons explained below, Metropolitan Life's motion is **GRANTED IN PART**.[1] The Court **GRANTS** Metropolitan Life's request for alternate service, but rather than issue a new summons, it **EXTENDS** the initial summons through June 20, 2026.

**I**

**A**

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made."  Michigan Court Rule 2.105 governs service of process in the State of Michigan.  That rule provides in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. Rule 2.105(A)(1)-(2).

---

[1] The Court concludes that it may resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

2

**B**

Under Michigan law, alternate service may be appropriate under the following circumstances:

1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

3. Service of process may not be made under this subrule before entry of the court's order permitting it.

Mich. Ct. Rule 2.105(J).

In Michigan, alternate service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

3

## II

The Court concludes that Metropolitan Life's motion, supported by the affidavit of its process server (*see* ECF No. 11-1), satisfies the requirements for alternate service described above.  First, Metropolitan Life has sufficiently shown that service of Chaney "cannot reasonably be made" under the usual methods for service quoted above.  Metropolitan Life has attempted to personally serve Chaney on at least four occasions at two different addresses without success. (*See* Mot., ECF No. 11, PageID.295-296; Aff., ECF No. 11-1.)

Second, as required under Michigan Court Rule 2.105(2), Metropolitan Life submitted a motion that is dated within 14 days of filing, and it is supported by the sworn affidavit of its process server. (*See id.*)  The motion and supporting affidavit provide evidence that Metropolitan Life has not been able to successfully serve Chaney despite diligent efforts.  The motion and affidavit also include Chaney's last known addressees.

Finally, the ways in which the Court will require Metropolitan Life to serve Chaney are "reasonably calculated to give [her] actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1).

Accordingly, for all the reasons stated above, and the reasons stated in Metropolitan Life's motion, Metropolitan Life's motion for alternate service (ECF No. 11) is **GRANTED IN PART** as follows.  The summons for Chaney is

**EXTENDED** through June 20, 2026.  In addition, Metropolitan Life shall serve Chaney with (1) the summons, (2) the Amended Complaint, and (3) this order by the following methods:

- First Class Mail at the Moravian Drive and Orleans Street addresses identified in Metropolitan Life's motion as Chaney's last known addresses;

- Tacking at the Moravian Drive and Orleans Street addresses identified in Metropolitan Life's motion; and

- Email at Chaney's last known email address.

Finally, Metropolitan Life shall file a Certificate of Service with the Court after it serves Chaney as directed in this order.

 **IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 21, 2026

 I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 21, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

5